# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANG HYUK PARK,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STEPHANIE L. JAMES,[1]<br><br>　　　　　Respondent. | Case No. 1:17-cv-00055-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 12) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner pled no contest to four counts of sexual battery in the Merced County Superior Court. He was sentenced to an imprisonment term of three years on July 25, 2014. (LD[2] 1). Petitioner did not appeal the sentence. Thereafter, on August 19, 2015,[3] Petitioner filed a state

---

[1] Petitioner is currently under the supervision of the San Joaquin County Probation Department. (ECF No. 12 at 1). Accordingly, the Court substitutes Stephanie L. James, Chief Probation Officer, as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] "LD" refers to the documents lodged by Respondent on April 20, 2017. (ECF No. 14).

[3] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). See also Rule 3(d), Rules Governing Section 2254 Cases. Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 12 at 2 n.2). The habeas petition filed in the Merced Superior Court was dated August 20, 2015, but contained a proof of service dated August 19, 2015. The Court will deem the petition filed on August 19, 2015, the date more favorable to Petitioner.

1

1 habeas petition in the Merced County Superior Court, which denied the petition on October 6, 2015. (LDs 4, 5). Citing to People v. Duvall, 9 Cal. 4th 464, 474 (Cal. 1995), and In re Clark, 5 Cal. 4th 750 (Cal. 1993), the superior court denied the petition because "[a]ll grounds alleged fail to establish a prima facie case for habeas corpus relief." (LD 5). On October 31, 2015, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on December 23, 2015. (LDs 6, 7). Citing to Duvall, 9 Cal. 4th at 474, the California Court of Appeal denied the petition without prejudice for failure to include transcripts. (LD 7). On February 17, 2016, Petitioner filed a state habeas petition in the California Supreme Court, which summarily denied the petition on May 11, 2016. (LDs 8, 9).

On January 4, 2017,[4] Petitioner filed the instant federal petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On February 12, 2017, the matter was transferred to the Fresno Division. (ECF No. 3). On March 22, 2017, Respondent filed a motion to dismiss. (ECF No. 12). Petitioner has filed an opposition, and Respondent has filed a reply (ECF Nos. 13, 16).

## II.

## DISCUSSION

### A. Statute of Limitation

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[4] The federal habeas petition was dated January 6, 2017, but contained a proof of service dated January 4, 2017. (ECF No. 1 at 15, 481). The Court will deem the petition filed on January 4, 2017, the date more favorable to Petitioner.

2

judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, Petitioner was sentenced on July 25, 2014, and did not appeal. Therefore, the judgment became final when Petitioner's time for seeking review expired on September 23, 2014, sixty days after Petitioner was sentenced. See Cal. R. Ct. 8.308. The one-year limitation period commenced running the following day, September 24, 2014, and absent tolling, was set to expire on September 23, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Even assuming that the limitation period was tolled during the pendency of Petitioner's three state habeas petitions, the Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied.

1     Three hundred twenty-nine days elapsed between the date Petitioner's state conviction became final (September 23, 2014) and the date Petitioner filed his first state habeas petition in the Merced County Superior Court (August 19, 2015). The Court assumes, without deciding, that the AEDPA's one-year clock stopped while Petitioner's state habeas petitions in the Merced County Superior Court, the California Court of Appeal, and the California Supreme Court were pending (August 19, 2015–May 11, 2016). Thereafter, 237 days elapsed before Petitioner filed the instant federal habeas petition (January 4, 2017). This adds up to a total of 566 days. Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

### C. Equitable Tolling

    The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Although Petitioner's opposition invokes broad pronouncements regarding equity, Petitioner does not allege any facts demonstrating that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION

    Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed.

    This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 1, 2017**

UNITED STATES MAGISTRATE JUDGE